UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re: | Chapter 7 |
| RAHAMIM LAHYANI<br>SARAH LAHYANI | Case # 15-40621 |
| Debtor(s). | ADV NO: _____ |
| RAHAMIM LAHYANI | |
| Plaintiff,<br>vs. | |
| CALVARY, SPV I, LLC<br>ass assignee of Wells Fargo Bank NA | COMPLAINT TO<br>AVOID PREFERENCE |
| Defendants. | |

_____

RAHAMIM LAHYANI, a debtor herein, as for his complaint against defendant states as follows:

I.

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and this adversary proceeding arises in and relates to the bankruptcy of Rahamim Lahyani.  Rahamim Lahyani  filed a petition for relief under Chapter 13 of the Bankruptcy Code on 2/27/2015, and that matter is now pending before this Court.

II.

Rahamim Lahyani is a debtor in the above captioned bankruptcy.

III.

This proceeding is a core proceeding under 28 U.S.C. §§ 157 (b)(2)(A) and (F).  This action is brought pursuant to Federal Rules of Bankruptcy Procedure 7001 et seq., and Local Rules 7004-2 et seq.  This cause of action arises under 11 U.S.C. § 547.

IV.

That Calvary, SPV I, LLC, is the assignee of Wells Fargo Bank, NA. Calgary SPV I, LLC, has been represented in lower court by Gurstel Chargo, 6681 Country Club Drive, Golden Valley, MN 55427.

V.

That on or about June 5, 2014, Cavary SPV I, LLC, was granted a judgment against Rahamim Lahyani in the amount of $1506.00 in case #27-CV-1416540.

VI.

That from November 29, 2014 to February 27, 2014, which is within 90 days of filing bankruptcy, the Defendants garnished the paychecks of Rahamim Lahyani in the amount of $1,117.04 in whole or partial satisfaction of an outstanding debt/credit obligation.

VII.

That receipt of the payment in the amount of $1,117.04 constitutes a transfer of an interest of the debtor's in property:

(1) to or for the benefit of a creditor;

(2) on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made on or within 90 days before the date of the filing of the petition;

(5) which enables the Defendant to receive more than it would have received pursuant to a distribution under Chapter 7 if the transfer had not been made and Defendant would have received payment to the extent provided for by Title 11 of the Bankruptcy Code.

VIII

That the debtor has a right to recover the transfer as a preference received within 90 days of the filing of a bankruptcy case and has claimed said preference exempt in his bankruptcy exemptions. No objection to said exemption claim was asserted by the Chapter 13 trustee.

VIX.

That the debtor has requested that Defendant voluntarily turn over the transferred funds. Counsel for the Defendant, Gurstel Chargo, surrendered partial payment of the preference, which payment was refused. See attached A. Defendant has failed to turnover the garnished funds.

XX.

That the debtor has incurred and will likely continue to incur fees, costs and attorney's fees in bringing this adversary proceeding.

WHEREFORE, the undersigned requests an order of the court:

1. Determining Defendant's receipt of the funds constitutes a transfer of an interest in property of the debtor.

2. Avoiding the transfer of funds from the debtors to the Defendant as preferential pursuant to 11 U.S.C. § 547.

3. Granting judgment against the Defendant in the amount of $1,117.04, plus interest from February 27, 2015.

4. Awarding costs, disbursements, and attorney's fees to Plaintiff as against Defendant and its attorneys, jointly and severally.

5. Granting such other relief as the Court deems just and proper..

Dated this 25th day of March, 2015.

/e/ Barbara J May
Barbara J May
2780 N. Snelling #102
Roseville, MN  55113
651-486-8887